UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH ZOLNIEREK,

    Plaintiff,                                                Civil Action No. 08-CV-14928

v.                                                      HON. BERNARD A. FRIEDMAN

CITY OF BAY CITY, BAY CITY
POLICE DEPARTMENT AND
OFFICER BRADLEY LEWIS,

    Defendants.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND GRANTING DEFENDANTS' MOTION TO DISMISS**

**I. Introduction**

Plaintiff, Kenneth Zolnierek, has brought the present civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Bay City, Bay City Police Department and Officer Bradley Lewis. Plaintiff has filed a motion for summary judgment [docket entry 9] alleging that Defendants have not responded to the complaint. Defendants have filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) [docket entry 14]. Plaintiff has not responded to this motion.

**II. Facts**

In March 2008, Officer Bradley Lewis went to Plaintiff's house and allegedly yelled at Plaintiff, verbally threatening him and making "life threatening jestures" [sic]. Compl. ¶ 1. According to Plaintiff, during the following week Officer Lewis returned to Plaintiff's house multiple times to apologize. *Id*. Plaintiff alleges that Officer Lewis "leaked" information regarding Plaintiff's criminal charge of "child sexually abusive activity" to the news media and

1

that as a result Plaintiff's house has been destroyed and numerous items from his home are missing. *Id*. ¶ 2.

### III. Legal Standards

An action may be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if the complaint fails to state a claim upon which relief can be granted.  The court must assess the facts in the light most favorable to the non-moving party and accept all factual allegations as true.  Pro se complaints are held to a "less stringent standard than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Yet, even a pro se plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

### IV. Analysis

#### A. Plaintiff's Motion for Summary Judgment

As noted above, Plaintiff bases this motion solely on Defendants' failure to answer the complaint.  Although Defendants had not filed an answer to the complaint at the time Plaintiff filed his motion for summary judgment, Defendants did file an answer to the complaint shortly thereafter.  Therefore, Plaintiff's motion for summary judgment is denied.

#### B. Defendants' Motion to Dismiss

##### 1. City of Bay City

The Supreme Court has established that "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978).  However, if the injury is the result of executing a "government's policy or custom . . . the government as an entity is responsible under § 1983." *Id*.

Further, "to satisfy the *Monell* requirements a plaintiff must 'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'" *Garner v. Memphis Police Dep't*, 8 F.3d 358, 363-64 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987)). In the present case, Plaintiff has not shown that Officer Lewis violated his constitutional rights or that Officer Lewis' behavior toward him was the result of Bay City's policy or custom. Therefore, Plaintiff has failed to state a claim against Bay City.

**2. Bay City Police Department**

A "police department is not a legal entity against whom a suit can be directed." *Laise v. City of Utica*, 970 F.Supp. 605, 608 (E.D. Mich. 1997). A police department is "merely a creature of the City, the real party in interest." *Moomey v. City of Holland*, 490 F.Supp. 188, 190 (W.D. Mich. 1980) (citing MICH. COMP. LAWS ANN. § 92.1 (West 2006)). Therefore, the Bay City Police Department has no capacity to be sued on a § 1983 claim and is dismissed.

**3. Officer Bradley Lewis**

To bring a claim under 42 U.S.C. § 1983, Plaintiff must allege a violation of a federal right and "must show that the deprivation of that right was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). *See also Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Defendants concede that Officer Lewis was acting under color of state law, but deny he violated Plaintiff's constitutional rights.

Plaintiff alleges that Defendant verbally threatened him and "leaked" a story to a local newspaper and a television station regarding Plaintiff's criminal charges. The Sixth Circuit has held that verbal threats and verbal abuse are not constitutional violations cognizable under § 1983. *See Emmons v. McLaughlin*, 874 F.2d 351, 353 (6th Cir. 1989) (finding that harassment

3

and threats, which caused Plaintiff to "fear for his life," were not an infringement of a constitutional right and, therefore, not actionable under § 1983). Because verbal threats are not a constitutional violation, Plaintiff's claim fails as a matter of law.

In *Cline v. Rogers*, 87 F.3d 176, 179 (1996), the Sixth Circuit found that "there is no constitutional right to privacy in one's criminal record." The Court reasoned that "one's criminal history is arguably not a private 'personal matter' at all, since arrest and conviction information are matters of public record." *Id. See also Bailey v. City of Port Huron*, 507 F.3d 364, 368-69 (6th Cir. 2007) (finding that "a criminal suspect does not have a right to keep her mug shot and the information contained in a police report outside of the public domain"). Therefore, even if Defendant Lewis released Plaintiff's criminal records, he did not violate Plaintiff's rights.

**V. Order**

For the foregoing reasons,

IT IS ORDERED that Plaintiff's motion for summary judgment is DENIED.

IT IS FURTHER ORDERED that Defendants' motion to dismiss is GRANTED.


s/Bernard A. Friedman_____
BERNARD A. FRIEDMAN
SENIOR UNITED STATES DISTRICT JUDGE

Dated: __July 2, 2009___
Detroit, Michigan